**B1 (Official Form 1) (12/11)**

| **United States Bankruptcy Court**<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Garver, Mikhael Tara | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 8877 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State)<br>732 Bittersweet Pl. #1104<br>Chicago, IL   ZIPCODE 60613 | Street Address of Joint Debtor (No. and Street, City, and State   ZIPCODE |
|---|---|
| County of Residence or of the Principal Place of Business:<br>Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>179 Ocean Parkway #2G<br>Brooklyn, NY   ZIPCODE 11218 | Mailing Address of Joint Debtor (if different from street address):   ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box)<br>☑ **Individual** (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | Nature of Business<br>(Check **one** box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other N.A. | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)<br>☑ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 | ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
|---|---|---|---|

| Chapter 15 Debtors<br>Country of debtor's center of main interests: _____<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code) | Nature of Debts<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose." | ☐ Debts are primarily business debts. |
|---|---|---|---|

| Filing Fee (Check one box)<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only)   Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-091I0 - PDF-XChange 3.0

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Mikhael Tara Garver** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X   /s/ David Leibowitz                      January 26, 2012
      Signature of Attorney for Debtor(s)           Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (12/11) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Mikhael Tara Garver |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Mikhael Tara Garver
_____
Signature of Debtor

X
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)
January 26, 2012
_____
Date

### Signature of Attorney*

X   /s/ David Leibowitz
_____
Signature of Attorney for Debtor(s)
DAVID LEIBOWITZ 1612271
_____
Printed Name of Attorney for Debtor(s)
Lakelaw
_____
Firm Name
420 West Clayton Street
_____
Address
Waukegan, IL 60085
_____

847 249 9100     dleibowitz@lakelaw.com
_____
Telephone Number              e-mail
January 26, 2012
_____
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____
X
_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2012 ©1991-2012, New Hope Software, Inc., ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
**Northern District of Illinois**

In re‎ Mikhael Tara Garver
_____
        Debtor(s)

Case No._____
        (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐  2.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Bankruptcy2012 ©1991-2012, New Hope Software, Inc., ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

B1 D (Official Form 1, Exh. D)  (12/09) – Cont.                                             Page 2

❒  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ❒  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❒  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**
    ❒  Active military duty in a military combat zone.

❒  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:      /s/ Mikhael Tara Garver
                         _____
                         MIKHAEL TARA GARVER

Date:      January 26, 2012
          _____

Bankruptcy2012 ©1991-2012, New Hope Software, Inc., ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6A (Official Form 6A) (12/07)**

In re   Mikhael Tara Garver   _____     Case No. _____

**Debtor**                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| One Bedroom Condo<br><br>732 W. Bittersweet Place #1104<br>Chicago, IL 60613<br>Value per Zillow | Fee Simple | | 137,000.00 | Exceeds Value |
| | | Total ➤ | 137,000.00 | |

(Report also on Summary of Schedules.)

**B6B (Official Form 6B) (12/07)**

In re  Mikhael Tara Garver _____     Case No. _____
         **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash<br>Debtor's person | | 40.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account<br>Chase, Debtor will be transfering funds to Citi accout | | 1,800.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Furniture, Household Goods and Appliances<br>Storage in Virginia | | 1,500.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books<br>Storage in Virginia | | 50.00 |
| 6.  Wearing apparel. | | Clothing<br>Residence/storage | | 500.00 |
| 7.  Furs and jewelry. | | Jewerly | | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

In re  Mikhael Tara Garver                          Case No. _____

Debtor                                                         (If known)

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 15 Shares of Toys 'R Us Held jointly with Debtor's father, she has not been able to obtain further information about these shares | | Indeterminate |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | 3 Savings Bond Residence | | 342.00 |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re  Mikhael Tara Garver _____,  Case No. _____
_____
            **Debtor**                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer, Ipad, and Ipod Residence | | 800.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Exercise Equipment used for employment Storage in Virginia | | 75.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____  continuation sheets attached     Total     $         5,607.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6C (Official Form 6C) (04/10)**

In re  <u>Mikhael Tara Garver</u>                          Case No. _____
           **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)                    ☐ Check if debtor claims a homestead exemption that exceeds
☑  11 U.S.C. § 522(b)(3)                        $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash | 735 I.L.C.S 5§12-1001(b) | 40.00 | 40.00 |
| Checking Account | 735 I.L.C.S 5§12-1001(b) | 1,800.00 | 1,800.00 |
| Furniture, Household Goods and Appliances | 735 I.L.C.S 5§12-1001(b) | 433.00 | 1,500.00 |
| Books | 735 I.L.C.S 5§12-1001(b) | 10.00 | 50.00 |
| Clothing | 735 I.L.C.S 5§12-1001(a) | 500.00 | 500.00 |
| Jewerly | 735 I.L.C.S 5§12-1001(b) | 500.00 | 500.00 |
| 3 Savings Bond | 735 I.L.C.S 5§12-1001(b) | 342.00 | 342.00 |
| Computer, Ipad, and Ipod | 735 I.L.C.S 5§12-1001(b) | 800.00 | 800.00 |
| Exercise Equipment used for employment | 735 I.L.C.S 5§12-1001(b) | 75.00 | 75.00 |
|  | Total exemptions claimed: | 4,500.00 |  |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2012 ©1991-2012, New Hope Software, Inc.- ver. 4.6.6-770 - 30931-302Y-*09110 - PDF-XChange 3.0

**B6D (Official Form 6D) (12/07)**

In re ___Mikhael Tara Garver_____,      Case No. _____
            **Debtor**                                                                 **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

    ☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1104<br><br>732 Bittersweet Condo Assn.<br>4611 N. Ravenswood St. 201<br>Chicago, IL 60640 | | | Lien: Condo Assessments<br>Security: One Bedroom Condo<br><br><br>VALUE $ 137,000.00 | | | | 3,791.00 | 3,791.00<br>This amount based upon existence of Superior Liens |
| ACCOUNT NO. 3464<br><br>Chase<br>P.O. Box 24696<br>Columbus, OH 43224 | | | Lien: 1st Mortgage<br>Security: One Bedroom Condo<br><br><br>VALUE $ 137,000.00 | | | | 151,198.00 | 14,198.00 |
| ACCOUNT NO. 8162<br><br>Franklin Credit Management<br>101 Hudson St.<br>Jersey City, NJ 07302 | | | Lien: 2nd Mortgage<br>Security: One Bedroom Condo<br><br><br>VALUE $ 137,000.00 | | | | 32,268.00 | 32,268.00<br>This amount based upon existence of Superior Liens |

__0__ continuation sheets attached

                                                               Subtotal ➤   $ 187,257.00   $ 50,257.00
                                  (Total of this page)
                                        Total ➤   $ 187,257.00   $ 50,257.00
                            (Use only on last page)
                                      (Report also on   (If applicable, report
                                      Summary of Schedules)   also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6E (Official Form 6E) (04/10)**

In re  Mikhael Tara Garver _____.    Case No._____
_____Debtor_____          _____(if known)_____

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6E (Official Form 6E) (04/10) - Cont.**

In re___Mikhael Tara Garver_____,    Case No._____
                    Debtor                                                     (if known)

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

                                           ___0___ **continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re ___Mikhael Tara Garver_____,    Case No. _____
             **Debtor**                                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4911<br><br>Access Group<br>5500 Brandywine Pkway<br>Willmington, DE 19803 | | | Incurred: 08/2007<br>Consideration: Student loan | | | | 15,338.00 |
| ACCOUNT NO.  4911<br><br>Access Group<br>5500 Brandywine Pkway<br>Willmington, DE 19803 | | | Incurred: 09/2009<br>Consideration: Student loan | | | | 12,000.00 |
| ACCOUNT NO.  4911<br><br>Access Group<br>5500 Brandywine Pkway<br>Wilmette, DE 19803 | | | Incurred: 09/2007<br>Consideration: Student loan | | | | 8,500.00 |
| ACCOUNT NO.  4911<br><br>Access Group<br>5500 Brandywine Pkway<br>Wilmington, DE 19803 | | | Incurred: 09/2007<br>Consideration: Student loan | | | | 58,317.00 |

___2___continuation sheets attached

Subtotal ➤ | $ | 94,155.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2012 ©1991-2012, New Hope Software, Inc.- ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

In re ___Mikhael Tara Garver_____,    Case No. _____
　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4911<br><br>Access Group<br>5500 Brandywine Pkway<br>Wilmington, DE 19803 | | | Incurred: 08/2008<br>Consideration: Student loan | | | | 8,500.00 |
| ACCOUNT NO. 2330<br><br>Chase Bank<br>P.O/ Box 15298<br>Willmington, DE 19850 | | | Consideration: Credit cards | | | | 1,307.00 |
| ACCOUNT NO. 9406<br><br>Citi Cards<br>P.O. Box 6500<br>Sioux Falls, SD 57117 | | | Consideration: Credit cards | | | | 7,027.00 |
| ACCOUNT NO. 1639<br><br>Columbia Emergency Medical Services<br>The Benchmark Building<br>Mineola, NY 11501 | | | Consideration: Medical bills | | | | 46.20 |
| ACCOUNT NO. 1-00<br><br>Columbia University<br>808 Uris Hall<br>New York, NY 10027 | | | Consideration: Student loan | | | | 5,000.00 |

Sheet no. __1__ of __2__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ 21,880.20

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2012 ©1991-2012, New Hope Software, Inc., ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) (12/07) - Cont.**

In re __Mikhael Tara Garver_____,    Case No. _____
        **Debtor**    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4957 <br><br> Fed Loan Serv <br> P.O. Box 69184 <br> Harrisburg, PA 17106 | | | Incurred: 08/2008 <br> Consideration: Student loan | | | | 14,661.00 |
| ACCOUNT NO. 4957 <br><br> Fed Loan Serv <br> P.O. Box 69184 <br> Harrisburg, PA 17106 | | | Incurred: 08/2008 <br> Consideration: Student loan | | | | 47,704.00 |
| ACCOUNT NO. 4957 <br><br> Fed Loan Serv <br> P.O. Box 69184 <br> Harrisburg, PA 17106 | | | Incurred: 09/2009 <br> Consideration: Student loan | | | | 8,954.00 |
| ACCOUNT NO. 4957 <br><br> Fed Loan Serv <br> P.O. Box 69184 <br> Harrisburg, PA 17106 | | | Incurred: 09/2009 <br> Consideration: Student loan | | | | 13,779.00 |
| ACCOUNT NO. 4957 <br><br> Fed Loan Serv <br> P.O. Box 69184 <br> Harrisburg, PA 17106 | | | Incurred: 10/2009 <br> Consideration: Student loan | | | | 11,075.00 |

Sheet no. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ $    96,173.00

Total ➤ $    212,208.20

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re  Mikhael Tara Garver                                  Case No. _____
        _____
              **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Amy Thede<br>732 Bittersweet Pl. #1104<br>Chicago, IL 60613 | One bedroom condo |
| | |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re  Mikhael Tara Garver
　　　　　　　━━━━━━━━━━━━━━━━━━　　　　Case No. ━━━━━━━━━━━━━━━━━
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE H - CODEBTORS

　　　Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

B6I (Official Form 6I) (12/07)

In re  Mikhael Tara Garver                                          Case _____
          **Debtor**                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): No dependents | AGE(S): |

| **Employment:** | **DEBTOR** | **SPOUSE** |
|---|---|---|
| Occupation | Theater Director/Artist | |
| Name of Employer | Self-Employed | |
| How long employed | 0 yrs, 0 mos | |
| Address of Employer | | N.A. |
| | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 1,010.00 | $ N.A. |
| 2. | Estimated monthly overtime | $ 0.00 | $ N.A. |
| 3. | SUBTOTAL | $ 1,010.00 | $ N.A. |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 0.00 | $ N.A. |
| | b. Insurance | $ 0.00 | $ N.A. |
| | c. Union Dues | $ 0.00 | $ N.A. |
| | d. Other (Specify:_____) | $ 0.00 | $ N.A. |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N.A. |
| 6.. | TOTAL NET MONTHLY TAKE HOME PAY | $ 1,010.00 | $ N.A. |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N.A. |
| 8. | Income from real property | $ 1,075.00 | $ N.A. |
| 9. | Interest and dividends | $ 0.00 | $ N.A. |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ N.A. |
| 11. | Social security or other government assistance ( Specify)_____ | $ 0.00 | $ N.A. |
| 12. | Pension or retirement income | $ 0.00 | $ N.A. |
| 13. | Other monthly income _____ (Specify) _____ | $ 0.00 $ 0.00 | $ N.A. $ N.A. |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,075.00 | $ N.A. |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 2,085.00 | $ N.A. |
| 16. | COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | $ 2,085.00 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    None

_____

_____

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

In re  Mikhael Tara Garver  _____  Case No. _____

**Debtor**                            **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,392.58 |
|      a. Are real estate taxes included?   Yes ✓   No _____ | |
|      b. Is property insurance included?   Yes _____   No ✓ | |
| 2. Utilities: a. Electricity and heating fuel | $ 0.00 |
|           b. Water and sewer | $ 0.00 |
|           c. Telephone | $ 150.00 |
|           d. Other _____ | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 0.00 |
| 4. Food | $ 350.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 75.00 |
| 8. Transportation (not including car payments) | $ 175.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 75.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | $ 25.00 |
|           b. Life | $ 0.00 |
|           c. Health | $ 0.00 |
|           d. Auto | $ 0.00 |
|           e. Other_____ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)_____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto | $ 0.00 |
|           b. Other ___Condo Assessments___ | $ 653.00 |
|           c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 200.00 |
| 17. Other | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ 3,195.58 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

     None
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|      a. Average monthly income from Line 15 of Schedule I | $ 2,085.00 |
|      b. Average monthly expenses from Line 18 above | $ 3,195.58 |
|      c. Monthly net income (a. minus b.) | $ -1,110.58 |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**B6 Summary (Official Form 6 - Summary) (12/07)**

# United States Bankruptcy Court
### Northern District of Illinois

In re   Mikhael Tara Garver

Debtor

Case No. _____

Chapter   7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $   137,000.00 | | |
| B – Personal Property | YES | 3 | $    5,607.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $   187,257.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $     0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $   212,208.20 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $    2,085.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $    3,195.58 |
| **TOTAL** | | 15 | $   142,607.00 | $   399,465.20 | |

# United States Bankruptcy Court

### Northern District of Illinois

In re    Mikhael Tara Garver    Case No. _____

_____
Debtor

Chapter    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 203,828.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 203,828.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 2,085.00 |
| Average Expenses (from Schedule J, Line 18) | $ 3,195.58 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 2,114.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 50,257.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 212,208.20 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 262,465.20 |

In re ___Mikhael Tara Garver_____  Case No. _____
               **Debtor**                                                           **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___January 26, 2012_____      Signature: ___/s/ Mikhael Tara Garver_____
                                                                            **Debtor**

Date _____      Signature: ___Not Applicable_____
                                                                  **(Joint Debtor, if any)**

                                              **[If joint case, both spouses must sign.]**

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

       I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____       _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                  *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____      _____
    Signature of Bankruptcy Petition Preparer                            Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

       I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),*and that they are true and correct to the best of my knowledge, information, and belief.

Date _____      Signature: _____

                                                   _____
                                                   [Print or type name of individual signing on behalf of debtor.]

                 *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In Re __Mikhael Tara Garver_____    Case No. _____
                                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|      | AMOUNT | SOURCE |
|------|--------|--------|
| 2012 | 240 | Employment |
| 2011 | 13542.04 | Employment |
| 2010 | 2296.00 | Employment |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc., ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

2. **Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2012 | 1075.00 | Rental Income |
| 2011 | 11750.00 | Rental Income |

3. **Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Citi Cards/Citibank<br>P.O. Box 6500<br>Sioux Falls, SD 57117 | 12/3/2011, 1/3/2012 | $620 | $7027 |

None
☒

*b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*)any payments that were made to a creditor on account of a domestic support obligation or as part of an alternativerepayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒

*c. All debtors:*  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.   Suits and administrative proceedings, executions, garnishments and attachments**

None

☒

a.      List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None

☒

b.      Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.   Repossessions, foreclosures and returns**

None

☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.   Assignments and Receiverships**

None    a.      Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding
☒       the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any
        assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
        joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None    b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within one
☒       year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
        must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
        the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.   Gifts**

None        List all gifts or charitable contributions made within one year immediately preceding the commencement of this
☒       case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family
        member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter
        12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.   Losses**

None        List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☐       commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or
        chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are
        separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Iphone $250 | Stolen | 3/2011 |

**9.   Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| David Leibowitz<br>Lakelaw<br>420 West Clayton Street<br>Waukegan, IL 60085 | 1/17/12 | $2,500; $306 filing fee |

**10.   Other transfers**

None

☒

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

☒

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.   Closed financial accounts**

None

☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☒

        List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒

        List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒

        List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐

        If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 415 Ocean Parkway #4C Brooklyn, NY 11218 | Mikhael Tara Garver | 8/2009 - 8/2010 |
| 605 W 170th St. #2k New York, NY 10032 | Mikhael Tara Garver | 10/2007 - 8/2009 |

Bankruptcy2012 ©1991-2012, New Hope Software, Inc. - ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

**16.  Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None

☒

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None

☒

| NAME | ADDRESS |
|------|------|

## [Questions 19 - 25 are not applicable to this case]

\*    \*    \*    \*    \*    \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    January 26, 2012

Signature of Debtor    /s/ Mikhael Tara Garver

MIKHAEL TARA GARVER

___0___ continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____          _____
Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

Mikhael Tara Garver

In re _____ , Case No. _____
Debtor                                                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

---

Property No.  1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Chase<br>P.O. Box 24696<br>Columbus, OH 43224 | One Bedroom Condo |

Property will be *(check one):*

☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt          ☑ Not claimed as exempt

---

Property No. 2  *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| 732 Bittersweet Condo Assn.<br>4611 N. Ravenswood St. 201<br>Chicago, IL 60640 | One Bedroom Condo |

Property will be *(check one):*

☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☐ Claimed as exempt          ☑ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for Each unexpired lease.  Attach additional pages if necessary.)*

| Property No.  1    NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES        ❑  NO |

| Property No.  2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES        ❑  NO |

| Property No.  3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)):<br><br>❑ YES        ❑  NO |

___1___ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: January 26, 2012 _____        /s/ Mikhael Tara Garver _____

                                                                        Signature of Debtor

                                                                        _____

                                                                        Signature of Joint Debtor

B8 (Official Form8)(12/08)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A**   - Continuation

| Property No: 3 | |
| --- | --- |
| **Creditor's Name:**<br>Franklin Credit Management<br>101 Hudson St.<br>Jersey City, NJ 07302 | **Describe Property Securing Debt:**<br>One Bedroom Condo |

Property will be   *(check one):*

☑ Surrendered                    ☐ Retained

If retaining the property, I intend to   *(check at least one):*

☐ Redeem the property

☐ Reaffirm the debt

☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C.§522(f)).

Property is   *(check one):*

☐ Claimed as exempt                    ☑ Not claimed as exempt

Bankruptcy2012 ©1991-2012, New Hope Software, Inc.- ver. 4.6.6-770 - 30931-302Y-09110 - PDF-XChange 3.0

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  Mikhael Tara Garver                              Case No. _____

_____Debtor_____                                              **(If known)**

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code

_____
Printed name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

X_____
Signature of Bankruptcy Petition Preparer or officer,
Principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certification of the Debtor

I, (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code

 Mikhael Tara Garver_____           X___/s/ Mikhael Tara Garver_____      January 26, 2012
Printed Names(s) of Debtor(s)                          Signature of Debtor                      Date

Case No. (if known)  _____           X_____
                                                      Signature of Joint Debtor, (if any)      Date

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B203
12/94

# United States Bankruptcy Court
### Northern District of Illinois

In re  Mikhael Tara Garver

Case No. _____

Chapter _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ........................................ $ ___2,500.00___

Prior to the filing of this statement I have received ........………………….......... $ ___2,500.00___

Balance Due ..........................................………………………….................. $ _____0.00_____

2.    The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.    The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.    ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]

$306 filing fee

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Representation in adversary and contested matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

___January 26, 2012___
*Date*

___/s/ David Leibowitz___
*Signature of Attorney*

___Lakelaw___
*Name of law firm*



420 West Clayton Street
Waukegan, IL 60085-4216

T: +1 847.249.9100
F: +1 847.249.9180
www.lakelaw.com

January 11, 2012

### ATTORNEY - CLIENT LEGAL SERVICE AGREEMENT AND HANDBOOK BETWEEN LAKELAW ("A DEBT RELIEF AGENCY") AND ERNESTO MARTINEZ ("CLIENT")

Mikhael Garver
179 Ocean Parkway
Brooklyn, NY 11218

RE:    Engagement Letter for Chapter 7 Bankruptcy Case

Dear Ms. Garver:

Welcome to Lakelaw. We thank you for choosing us to represent you in your Chapter 7 case. We look forward to working with you and serving your legal needs in this matter.

We would like to offer you the following engagement agreement for your Chapter 7 bankruptcy case based on our initial brief and preliminary analysis of your situation. Our agreement may be subject to change based on a more detailed analysis of your case and the "Means Test" as required by the Bankruptcy Code. We will inform you if any such changes are required.

### INTRODUCTION

Our purpose in representing you in a case under Chapter 7 of the Bankruptcy Code is to assist you in obtaining a discharge in bankruptcy. This will relieve you of your obligation to pay most, if not all of your debts. We will also assist you in reaffirming, or agreeing to continue to pay, any debts you have, secured by real estate or personal property you would like to keep.

Since the Bankruptcy Code was amended in 2005, Congress has set up consumer bankruptcy cases like an obstacle course. We can provide guidance, but you must do your part and carefully follow our instructions. Otherwise, your case could be dismissed or you could lose your discharge.

Under the Bankruptcy Code, clients and lawyers must prepare detailed schedules and statements to be filed in the Bankruptcy Court. These papers will be reviewed very closely by the United States Trustee, which is a division of the United States Department of Justice, responsible for oversight of all bankruptcy cases. Your papers also will be reviewed by a private Chapter 7 trustee and perhaps the court. So accuracy and honesty in all respects is vital.

Failure to be accurate and honest in all respects could lead to loss of your right to receive a discharge in bankruptcy and in extreme cases could lead to serious criminal prosecution.

Once you decide to hire us as your bankruptcy attorneys, please let your creditors know. They cannot call or harass you anymore. They must call us, and if they don't, we can sue them under the Fair Debt Collection Practice Act. If you decide to hire us as, you can't use your credit cards anymore. We'll ask you if you have used them since credit card companies may try to make you pay for recent charges even though you have filed

53 West Jackson
Suite 1610
Chicago, IL 60604

bankruptcy. If someone other than you is paying your attorney's fees, please let us know. They will have to sign a waiver recognizing that you are our client and that we report to you even though someone else is paying your fee.

Because bankruptcy is a complex process – some say unnecessarily complex – our Agreement with you is not just a statement of our duties to you and your duties to us and the court. It is also a guide to the process and a handbook for you to refer to in making sure that you do what you are supposed to in dealing with the bankruptcy system, the trustee, and the bankruptcy court.

## YOUR OBLIGATIONS UNDER THE BANKRUPTCY CODE:

The Bankruptcy Code imposes some very detailed and specific obligations on you as a debtor. It is vital that you do all of these things for you to be able to get your discharge. We will do everything we can do to do our part and we'll depend on you to do everything required on your part.

- ❑ You must take credit counseling from an approved provider within 180 days prior to filing your petition, but before the actual day on which you file your petition

- ❑ You must provide accurate and complete information for your bankruptcy petition, schedule and statement of financial affairs

- ❑ You must disclose all lawsuits you are involved in whether you are a plaintiff or defendant, even if they haven't started in court yet

- ❑ You must disclose all transfers of property to friends or relatives within the past 4 years

- ❑ You must disclose all transfers of anything for less than it was worth within the past 4 years

- ❑ You must disclose all payments to creditors 90 days before you file your bankruptcy case

- ❑ You must disclose all payments to friends or relatives on account of debts within the year before you file your bankruptcy case

- ❑ You must decide whether to keep, surrender, or redeem (refinance) loans secured by real estate or personal property and indicate that on your bankruptcy petition

- ❑ You must give us your most recent income tax return or tax transcript and all "pay advices" or "pay stubs" received in the 60 days before you file your bankruptcy petition

- ❑ You must cooperate fully with the bankruptcy trustee appointed to oversee your case

- ❑ If your case is selected for audit, you must cooperate with the auditor

- ❑ You must appear at the "meeting of creditors" with the trustee appointed to oversee your case, which will happen within 30-40 days of filing of your case

- ❑ You must complete any reaffirmation agreement within 45 days after the date first scheduled for your first meeting of creditors

- ❑ ***You must complete a financial management course – we recommend BE Adviser at <u>www.beadviser.com</u> – 45 days after your first meeting of creditors. The fee for this course is $11.00 that you will pay BE Adviser directly. <u>If you do not take the course and provide the certificate, your case will be closed, but not discharged. We must then reopen the case and charge you both attorney's fees and costs for this process.</u>***

## STEP ONE:  ANALYSIS OF THE "MEANS TEST"

**Before you can file a Chapter 7 case – and get a discharge of all your debts:**

Congress requires that you prove that your Chapter 7 case is not an "abuse" of the bankruptcy system. People who make less than the median income for their family-size are not presumed to be abusing the system by filing Chapter 7.  We still have to examine your budget of income and expenses to see if your case might be considered to be an abuse.  People who have disposable income are supposed to file Chapter 13 cases in most instances.

People earning more than the median income are presumed to be abusing the bankruptcy system by filing Chapter 7 unless they pass the "means test".  To see whether you pass the means test, we complete a detailed analysis.  We charge you for this whether or not you decide to file a bankruptcy case.  If you do file a bankruptcy case, the charge for the "means test" analysis is applied to your overall attorney's fees for bankruptcy services.

**Your First Homework Assignment:**

In order for us to determine whether you are eligible to file a Chapter 7 case, we have to analyze and evaluate your financial situation.  And in order to do this, we are required to perform a "means test analysis." To do this, you must provide the following documents to us.

- ❑ Pay stubs or payment advices from your salaried employment for the past six months.

    - ➢ If you have not been employed during this period, you must give us your unemployment records including payments of unemployment benefits

    - ➢ If you are self-employed, you must give us evidence of your gross income and any business expenses deducted from your gross income for the past six months

    - ➢ We must have records from the six-month period before your filing date.  If we have to redo your means test because your filing is delayed, we will charge additional fees

- ❑ Current credit report.  You may obtain this from www.annualcreditreport.com

    - ➢ We highly recommend that you obtain a recent credit report from all three major credit reporting agencies (Experian, Equifax, TransUnion)

- ❑ Completed "Means Test Questionnaire"

If you earn less than the median income for a family your size, you "pass" the means test without the need for additional analysis.  However, if you make more than the median income, you must provide additional information for us to determine if you are eligible to file a Chapter 7 case.

**Here is the data we absolutely need to perform the mandatory means test analysis as prescribed by Congress for those earning more than the median income.**  Please have it ready if we request it.  You may want to check-off each item as you gather and send your records.

- ❑ Last 90 days of bills that you got from your creditors regardless whether you paid them.

- ❑ Last 90 days of bank statements and check registers

- ❑ Documents regarding any sale or transfer of any property within the last 2 years

- ❑ Documents regarding any transfer or payments to relatives within the last 2 years

- ❑ Income Tax Returns for the past 3 years

- ❑ Copies of motor vehicle certificates of title

- ❑ Copies of mortgages recorded against your real estate

- ❑ Copies of any listing contracts for your real estate

- ❑ Copies of any pension plan, IRA or other retirement accounts and data concerning any withdrawals within the past 6 months

- ❑ Copies of life insurance policies you currently own, particularly with cash surrender value

- ❑ Copies of any pleadings for any lawsuit involving you

- ❑ Copies of any financing documents for any refinancing or non-purchase money, second or third mortgage loans obtained with the last 3 years.

- ❑ Copies of the most recent bills on mortgages, auto loans, life and health insurance policies

- ❑ Records of actual medical expenses during the past six months.

- ❑ Records of tuition for private or parochial school paid during the past six months.

- ❑ Records concerning charitable contributions given during the past six months.

- ❑ Records concerning internet or telecommunication expenses during the past six months

- ❑ Records concerning child support or alimony paid or received during the past six months.

Please provide all of this information to our Consumer Bankruptcy Coordinator as soon as possible. We cannot even begin to work on your bankruptcy petition, statement of financial affairs or filing until we have completed your "means test analysis." That's because we can't know for sure that you are eligible to file a Chapter 7 case until we complete your "means test analysis."

In some instances, Chapter 13 may be a better option, in which case, we will offer you the standard Chapter 13 Engagement Agreement and fees as prescribed by the Bankruptcy Court. If Chapter 13 is an option, we will discuss the benefits and risks with you so you can make an informed decision. If you file a Chapter 13, the $500 means test fee is applied to your Chapter 13 case. If you choose not to file, the $500 means test fee is not refundable.

## Your Second Homework Assignment:

As soon as you decide to file for bankruptcy, you must obtain credit counseling from a credit counselor approved by the United States Trustee. We typically recommend InCharge Education Foundation at www.personalfinanceeducation.com. There is a fee of $30.00 for this course that you will pay directly to InCharge. *Both you and your spouse, if your spouse is filing, must take credit counseling. You must complete the course and an interview with the credit counselor to get the credit counseling certificate. You must have this certificate before you file. If you don't, your case will be dismissed and you will have to start the process again. Do this right away, preferably as soon as you sign this Agreement.*

STEP TWO: BANKRUPTCY PETITION & STATEMENT OF FINANCIAL AFFAIRS

**Paying your Fee:**

Once we have completed your means test, you and we at Lakelaw want to get your case filed as soon as possible because the "means test" accounts for your situation during the most recent six months. If another month passes, the original means test analysis is no longer valid. We'll have to do it again taking into account your income and expenses for the most recent month.

Most clients provide basic information necessary through our online questionnaire. Please check frequently with our Consumer Bankruptcy Coordinator to ensure that we are informed about all of your assets, debts, and financial activities for the past several years. Don't leave out anything. You will have opportunities to talk with your attorneys to discuss all aspects of your case.

During this phase, you will have both legal questions and technical questions. Most of your questions can be answered by our experienced and capable Consumer Bankruptcy Coordinators as well as the information on our website. Please email legal questions you may have to any of our lawyers with whom you have worked. If a brief phone call is needed, your lawyer will contact you.

In general, after your initial consultation with a Lakelaw attorney, you won't need to meet personally with your attorney until your petition is ready to be filed. At that time, you and your attorney will again review your entire situation to be sure that everything is in order.

## FEES & CHARGES FOR SERVICES AND PAYMENT TERMS & PERFORMANCE OF "STANDARD SERVICES"

You, the client, agree to provide $2,500 in exchange for the filing of the Chapter 7 case. You will be required to pay a $306 filing fee. You may contact our consumer bankruptcy coordinator to discuss all details of your case and communicate with your attorney to discuss legal issues as needed, preferably by email.

The Bankruptcy Code requires us to advise you that nothing in this Agreement shall be deemed to be advice, that you must pay an attorney's fee to a Debt Relief Agency. Moreover, Lakelaw specifically states that Clients shall under no circumstances incur additional debt in order to satisfy Client's obligations under this Agreement.

### WHAT LAKELAW WILL DO FOR YOU – STANDARD SERVICES:

Our fee includes compensation for the following **"standard services"**

- Analysis of your financial condition;

- Advice on seeking relief under Chapter 7 or Chapter 13 of the Bankruptcy Code;

- Assisting you to assemble all documents required to file a petition under the Bankruptcy Code;

- Advising you about the availability of exemptions under applicable law to allow you to keep certain property even though you are filing a bankruptcy case;

- Assisting you in meeting all requirements before making a petition for relief under the Bankruptcy Code and in meeting all conditions to obtain a discharge, if you are eligible;

- Preparing you for examination at meeting of creditors pursuant to Section 341 of the Bankruptcy Code;

- Assisting you with reaffirmation agreements, if applicable;

- Assisting with routine lien avoidance proceedings, if applicable – under the Bankruptcy Code, you can avoid certain judgments against real estate and certain liens against personal property – like a lien you may have granted to secure a personal loan;

- Assist in enforcing of the automatic stay, if required, to stop creditors from collecting debts against you;

- Arranging for electronic filing of the Client's bankruptcy petition and supporting papers;

- Communicating with your bankruptcy trustee;

- Communicating with your creditors, as necessary;

- Review of mortgage loans for Truth in Lending Act or other mortgage-related violations;

- Pursuit of any claims under Fair Debt Collection Practices or other Consumer Protection Acts

## FEES CHARGABLE AFTER FILING OF CASE:

After filing your Chapter 7 Case, you agree to pay Lakelaw for services rendered due to failure to provide the necessary information before we filed your case:

| | |
|---|---|
| **Amendments to Schedules:** | $250.00 up to 6 creditors <br> $50.00 for each additional 6 creditors |
| **Service of amended schedules on creditors added:** | $26.00 |
| **Fee to reopen case due to failure to obtain financial management certificate:** | $250 plus $260 filing fee |
| **Attorney time for attending 2004 exams:** | Attorney's hourly rate |
| **Fee for failing to attend scheduled meeting of creditors (unless due to medical or other emergency):** | $250.00 |

## ADDITIONAL SERVICES NOT INCLUDED OR COVERED BY THE AGREEMENT:

Lakelaw may require an additional retainer for "Additional Services" beyond the "Standard Services" listed, and is not obligated to provide additional services until after receiving this retainer.

## Examples of "Additional Services" include, but are not limited to:

- Defending claims that your Bankruptcy Petition constitutes "Abuse" under the Bankruptcy Code

- Defending claims that one or more debts are non-dischargeable

- Defending claims that you are not entitled to a discharge under the bankruptcy code

- Defending matters arising from your failure to disclose material facts, your failure to provide required documents, any false statement you may make in your bankruptcy petition, schedules, Statement of Financial Affairs, or any documents provided or to be provided in support thereof.

You agree to pay attorney's fees for all Additional Services at the prevailing hourly rates of the attorneys at Lakelaw. At the present time these hourly rates are as follows:

| | |
|---|---|
| David P. Leibowitz | $650/hour |
| Jonathan T. Brand | $375/hour |
| Carrie A. Zuniga | $325/hour |
| Ryan A. Blay | $325/hour |
| Beth C. Otero | $325/hour |
| Jacqueline A. Hennard | $225/hour |

## STEP THREE:  THE "341 MEETING"

Once we file your case, your responsibilities are to address reaffirmation agreements, take a financial management course, and attend a 341 Meeting. You must attend this meeting. If you do not attend, the case may be dismissed, and you will not be refunded any portion of our fees or costs.

**You must bring to the following documents to your 341 Meeting:**

❑ Driver's license, state ID card or passport showing your identity and photograph

❑ Social security card or other official document showing your social security number

Please arrive at the appointed location at least 15 minutes prior to your meeting so that your attorney can brief you about this meeting. Also, read the "Bankruptcy Information Sheet," which is available at the meeting for your convenience. The trustee may ask you whether you have done so.

If you fail to attend the 341 Meeting, we will charge an additional $250 unless you document an emergency or medical reason for not having attended.

## STEP FOUR: DISCHARGE

In most instances, you will have nothing further to do after the 341 Meeting. Sometimes, the trustee or the United States Trustee may ask for additional information. Each case is different. Your lawyer will consult with you if anything further is required. In most cases, you will receive your discharge from the clerk of the bankruptcy court 60 days after your 341 Meeting.

## ACKNOWLEDGEMENT OF RECEIPT OF DISCLOSURES

Client acknowledges that Client has received copies of all Disclosure Documents attached to this Agreement, all of which posted on our website at www.bankruptcy.lakelaw.com/disclosure.html

**These documents include:**
- The Clerk's Notice mandated by Section 342(b) & Section 5213(a) of the Bankruptcy Code
- "Important Information About Bankruptcy Assistance Services From an Attorney or Bankruptcy Petition Preparer" mandated by Section 528(b) of the Bankruptcy Code
- "Notice to Be Provided Pursuant to Section 528(c) of the Bankruptcy Code."
- "Notice to Be Provided Pursuant to Section 528(a) of the Bankruptcy Code"

*THE BANKRUPTCY CODE REQUIRES US TO EXPLICITLY & CONSPICUOUSLY INFORM YOU THAT:*

**"WE ARE A DEBT RELIEF AGENCY.  WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE"**

You understand that Lakelaw is unwilling to represent you without an advance payment retainer. You agree this is an "advance payment retainer" and it is placed immediately in our general account.

At your option, you may require us to treat this as a security retainer. The choice of retainer is yours alone. The reason we propose to treat this as an advance payment retainer is that this is perhaps the first time and only time you will be our client. We have not made any inquiries into your credit-worthiness and you desire our immediate attention to this matter. We will immediately or soon thereafter be utilizing the funds provided in this advance retainer in any event. We agree that it is to your advantage that we give our immediate and dedicated attention to this matter.

Accordingly, by executing this agreement, you agree the retainer is an advance payment retainer.

**If You Decide Not to File Your Bankruptcy Case:**

If you decide not to file your bankruptcy case, you understand and agree that we will have expended substantial time and effort on your behalf. Under these circumstances, we will bill you for our time at our standard hourly rates, ranging from $650/hour for Mr. Leibowitz to $100/hour for our paralegals. The maximum that we will bill you will be the funds you have paid us until the date you determine not to file your case and so advise us. Any unearned fees will be paid. Costs not utilized will be applied to fees earned. Otherwise, fees and costs will be refunded to you.

| | |
|---|---|
| Lakelaw/David P. Leibowitz | 1/11/12<br>Date |
| Mikhael Garver | 1/11/12<br>Date |